AMERICAN NATIONAL INSURANCE COMPANY
v. PERCIVAL K. CALLAHAN.

No. 6366.   Decided April 24, 1935.
Rehearing overruled May 22, 1935.
(81 S. W., 2d Series, 504.)

*W. B. Handley* and *C. J. Schaeffer,* both of Dallas, for plaintiff in error.

Where a life insurance company requires the insured to furnish due proof of disability at its home office as a condition precedent to the waiver of premiums, a letter addressed to the company at Galveston, Texas, posted in Dallas, Texas, is not compliance with the requirements, since such is not furnished the company at its home office in Galveston. Martin v. Association, 195 Ill., 421; Peabody v. Satterlee, 166 N. Y., 174, 59 N. E., 818, 52 L. R. A., 956.

*White & Yarborough,* of Dallas, for defendant in error.

On proposition that company had been furnished with proof of insured disability. Mid-Continent Life Ins. Co. v. Hubbard, 32 S. W. (2d) 701; Bank of Commerce & Trust Co. v. Northwestern Natl. Ins. Co., 160 Tenn., 551, 26 S. W. (2d) 135; Minnesota Mut. Life Ins. Co. v. Marshall, 29 Fed. (2d) 977.

MR. PRESIDING JUDGE HARVEY delivered the opinion of Commission of Appeals, Section A.

This is a suit on an insurance policy issued in the year 1920, by the plaintiff in error, on the life of Joseph M. Callahan. The policy provided for premium payments on the second day of February and August of each year. The insured made all premium payments as they fell due, up to and including that of August 2, 1929. The policy provides:

"After one full year's premium shall have been paid and before default in the payment of any subsequent premium hereon, if the insured, prior to attaining the age of sixty years at nearest birthday, and while this policy is in full force, shall furnish due proof to the Company at its Home Office that he has become totally and permanently disabled by bodily injury or disease, so that he is, and presumably will be premanently, continuously and wholly prevented thereby for life from performing any work for compensation, gain or profit, or from following any gainful occupation, and that such disability has then existed continuously for not less than sixty days, the Company will grant the following benefits:·

"1. Waiver of Premium: The Company will, during the continuance of such disability, waive payment of each premium

as it thereafter becomes due, commencing with the first premium due after receipt of said due proof of disability.

"2. Life Income to Insured: Six months after the receipt of said due proof of disability the Company will pay to the insured if then living and such disability still continue, the sum of Twenty Dollars, and a like sum monthly thereafter during the life of the insured and the continuance of his disability."

The insured, who had not reached the age of sixty years, died March 6, 1930, without having paid the premium installment that fell due February 2, 1930. The case was tried before a jury on special issues, resulting in a judgment against the company for the amount of the policy. The judgment has been affirmed by the Court of Civil Appeals. (51 S. W. (2d) 1083.)

Liability of the company under the policy depends on whether or not, at the time the insured died, the policy had lapsed on account of the non-payment of the premium installment that fell due February 2, 1930. The material facts are these: Sometime after the premium installment of August 2, 1929, was paid, and more than sixty days before the letter hereinafter mentioned was written, the insured became totally and permanently disabled as defined in the policy provision quoted above. Early in January, 1930, he wrote and duly mailed, at Dallas, a letter to the company, duly addressed to the company at its home office in Galveston. In the letter, the insured truly described his disabled condition—stating in detail the pertinent facts—and claimed the right, under the above quoted policy provisions, to be exempted from payment of subsequently accruing premium installments. He never received a reply to this letter. Company officials testified that it was never received by them. No proof of his disability, except by means of this letter, was ever undertaken to be furnished the company by the insured.

The company contends that the foregoing facts show, as a matter of law, that the insured did not become entitled to exemption from payment of premium installments as they accrued. The specific contentions made in this respect are substantially as follows: First, that the mailing of the letter at Dallas was not, in any event, a compliance with the policy requirement that due proof of the insured's disability be "furnished" to the company "at its home office"; and, second, that because the insured's declarations contained in the letter were unsworn and uncorroborated, the same did not constitute "due proof" as required by the policy provisions quoted. Neither contention should prevail. The fact that the letter

was duly mailed at Dallas affords a legal basis for a fact finding that it was received by the company at the company's home office in Galveston, in due course of mail. With respect to the term "due proof' as here used, the rule is fairly deducible from the authorities that unless the context show otherwise the term will not be taken as prescribing any particular form to be observed in presenting the facts called for. See 33 C. J., pp. 17 et seq; 14 R. C. L., 1337 et seq; 7 Cooley's Briefs on Insurance, pp 5886 et seq. For example, it is held, in effect, that the term does not, of itself, signify that the required information must be communicated in writing (Fritschburg Savings Bank v. Massachusetts B. & Ins. Co. (274 Mass., 135), 174 N. E., 324, 73 A. L. R., 274) or that the pertinent declarations of the insured must be corroborated. Carson v. Life Ins. Co., 162 Minn., 458, 203 N. W., 209; Rochester Loan, etc. Co. v. Liberty Ins. Co., 44 Neb., 537, 48 Am. St. Rep., 745.

The judgment of the Court of Civil Appeals, affirming the trial court's judgment, is affirmed.

Opinion adopted by the Supreme Court April 24, 1935.

Rehearing overruled May 22, 1935.