# E. N. Pickens v. Texas Independence Life Ins. Co., et al.

No. 7911. Decided June 24, 1942.
(163 S. W., 2d Series, 189.)

*Garriott T. Baldwin,* of Slaton, and *E. L. Klett,* of Lubbock, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the terms of the statute did not operate upon the policy of insurance sued on, because no valid and effective contract of insurance ever existed between the insured and defendant in error. It also erred in failing to hold that defendant in error did not, as a matter of law, accept liability under the policy because of its failure for more than sixty days after receipt of proofs of death to deny or attempt to limit its liability on said policy. United States Pipe & Foundry Co. v. City of Waco, 108 S. W. (2d) 432; Hodges v. Hodges, 111 S. W. (2d) 779; Traders & Gen. Ins. Co. v. Ray, 128 S. W. (2d) 80; 37 C. J. 405; 67 C. J. 267.

*Hornsby & Hornsby,* of Austin, for defendant in error.

On the question as to whether due proof of death was shown. 39 Tex. Jur. 15; Connecticutt Gen. Life Ins. Co. v. Warner, 94 S. W. (2d) 514; National Aid Life Assn. v. Driskill, 138 S. W. (2d) 238.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court E. N. Pickens recovered judgment against Mercury Life Insurance Company and Texas Independence Life Insurance Company for $2,570.83 on a policy of insurance issued by the former company and assumed by the latter company upon the life of his deceased wife, Lorinda Pickens, in

which policy he was named as beneficiary. Each of the named companies is a statewide mutual assessment life insurance company and is governed by the terms and provisions of S. B. No. 135, as enacted by the Regular Session of the 46th. Legislature, 1939, and now known as Article 5068-1, Vernon's Civil Statutes, which terms and provisions apply to the policy in suit and govern in the decision of this case. Section 14 of that Act reads in part as follows:

"It shall not be unlawful for an association to contest claims for valid reasons; but claims may not be contested for delay only or for capitous or inconsequential reasons, or to force settlement at less than full payment. Therefore, if liability is to be denied on any claim, the association is hereby required to notify the claimant within sixty (60) days after due proofs are received that the claim will not be paid, and failing to do so, it will be presumed as a matter of law that liability has been accepted."

The case was tried by the court without the assistance of a jury and upon request findings of fact and conclusions of law were timely filed. Those findings and conclusions reflect that the trial court based its judgment exclusively upon the provisions of Section 14 above quoted. The trial court's judgment was reversed by the Court of Civil Appeals and judgment rendered that plaintiff take nothing. 153 S. W. (2d) 884.

■ The Court of Civil Appeals held that no liability was ever created by the issuance of the policy, because Mrs. Pickens was afflicted with cancer at the time it was issued and, more certainly, at the time of its reinstatement shortly before her death after same had lapsed for failure to pay an assessment. That holding is challenged and the position is taken here by plaintiff that same is contrary to the findings of the trial court. As we view the record, that holding is in harmony with the findings of the trial court and is the only one which the facts would authorize. Under the terms of the policy same became effective on condition that Mrs. Pickens was in good health when it was delivered and was reinstated on condition that she was yet in good health and free from any acute or chronic ailment. It is abundantly established by the evidence that Mrs. Pickens died of cancer, which existed in March, 1939, the date the policy was issued and still existed in October, 1939, when same was reinstated. She died in December, 1939. While

the trial court made no express finding as to the date the cancerous condition developed, it clearly found by necessary implication that such condition existed at the time the policy was written and certainly upon the date of its reinstatement. Findings of fact Nos. 9, 10 and 11 are as follows:

"9. That on or about December 19, 1939, Lorinda Pickens, the legal beneficiary named in said policy, died of cancer (carcinoma of the cervix) and complications resulting therefrom.

"10. That from about the year 1936 down to the time of the death of the said Lorinda Pickens she had been receiving treatments at the Scott & White Clinic, Temple, Texas, for female trouble that sometime during this period developed into cancer.

"11. That during the interval from 1936 down to the time of her death the said Lorinda Pickens had been discharged from said Clinic for long periods of time and was apparently in good health and she and her said husband, E. N. Pickens did not know that she in fact was suffering from a cancerous condition until after October 2, 1939."

The conclusions of law will be set out in full, as follows:

"1. That the terms and provisions of Senate Bill No. 135, as enacted and passed by the Regular Session of the 46th Texas, Legislature, Acts of 1939, and now known as Article 5068-1 of Vernon's Revised Civil Statutes of Texas, applies to the policy in suit and governs the determination of this case.

"2. That the proof of death furnished to Mercury Life Insurance Company were 'due proofs' of death as required by the terms of said Senate Bill No. 135, and were 'satisfactory proof of death' within the terms and meaning of the provisions of the policy of life insurance in suit.

"3. That for more than sixty days after said proofs of death were furnished to said Mercury Life Insurance Company, said Company did not deny or in any way attempt to limit its liability under said policy but as a matter of law accepted liability for the maximum sum payable.

"4. That the assumption of said claims, debts and obligations of said Mercury Life Insurance Company by the Texas Independence Life Insurance Company makes its liability the same as that of the Mercury Life Insurance Company.

"5. That under the facts and circumstances disclosed by the record in this case, plaintiff, E. N. Pickens, is entitled to recover of and from defendant, Mercury Life Insurance Company, and Intervenor, Texas Independence Life Insurance Company, the sum of $2,500.00 with interest thereon at the legal rate."

■ The fact that the trial court based its judgment exclusively upon the statutory provision above quoted, when considered in the light of the findings of fact above quoted, makes it certain that it found, in accordance with the overwhelming testimony, that Mrs. Pickens was afflicted with cancer when the policy was reinstated. The case presented, therefore, is one in which no liability exists unless imposed by the terms of Section 14 of Article 5068-1, above quoted.

Since the plaintiff seeks to predicate liability upon the terms of the statute, he must bring himself clearly within those terms. He is invoking the letter of the law and by it his case must be judged. It will be noted that the statute predicates liability upon the failure of the association to notify the claimant within sixty days *after due proofs are received* that the claim will not be paid. Until due proofs have been furnished to the association the duty to deny liability does not arise. We are, therefore, called upon to determine whether plaintiff furnished due proofs.

The statute, Article 5068-1, does not expressly prescribe the requisites of due proofs, but it does recognize the rights of the parties to contract with reference thereto. That recognition is made in the portion of Section 14 above quoted. It is further made in Section 1 of the Act, which reads as follows:

"It is the primary purpose of this Act to secure to the members of the associations and their beneficiaries the full and prompt payment of all claims according to the maximum benefit provided in their certificates. It is therefore required of all associations that all claims under certificates be paid in full within sixty (60) days after receipt of due proof of claims.

"Written notice of claim given to the association shall be deemed due proof in the event the association fails upon receipt of notice to furnish claimant, within fifteen (15) days, such forms as are usually furnished by it for filing claims.

"Any association which shall become unable to pay its valid claims in full within sixty days (60) days after due proofs are

received, shall for the purpose of this Act be regarded as insolvent, and dealt with as is more fully provided hereinafter."

The policy prescribes that such proof shall be made "in writing upon the forms supplied by the Company." It further provides that the benefits are payable within thirty days after "complete and satisfactory proof of death are received at the Home Office of the Company."

The facts with reference to the furnishing of proofs are undisputed. Mrs. Pickens died on Decamber 19, 1939. On January 5, 1940, the Company's agent in person furnished to plaintiff the five forms usually furnished by the Company for filing claims with the request that he have same executed. On January 29, 1940, plaintiff executed Form No. 1, which was a form to be executed by the claimant or beneficiary. Before executing the same, however, he deleted therefrom the following:

"* * * and agree that the written statements and affidavits of Physicians and others who attended, treated or had knowledge of deceased, and all other papers called for by the Company, including records of hospitals and sanitariums, shall constitute and they are hereby part of the proofs of the death, and further agree that the furnishing of these forms, or of any other forms supplemental thereto by said company shall not constitute nor be considered and admission by it that there was any benefit in force of the life in question, nor a waiver of any of its rights or defenses. I hereby authorize any physician, hospital, or other person to give the company any information concerning the health or insurability of deceased, and hereby specifically waive all grounds of defense or objections based on the rights of confidential relationships or privileged communications between physician, hospital and patient."

On the same day Form No. 2 was duly filled in and executed by Dr. W. E. Payne, the attending physician of the deceased, and Form No. 4 was duly filled in and executed by W. B. Williams, the undertaker, and all three forms were sent to the Company. The letter of transmittal made no mention of Forms 3 and 5. On February 3, 1940, after receiving the letter of transmittal, the Company wrote Mr. Pickens acknowledging receipt of same, but calling his attention to the fact that some printed matter on Form No. 1 had been blanked out by the typewriter

and for that reason same was unacceptable, and enclosing another form to be executed by him. The letter also advised him that he had failed to furnish the Company with Statements 3 and 5 and enclosed those two blank forms, stating that it would be necessary to have them properly filled out so that the claim file might be completed. The letter concluded as follows: "If you will furnish us with the information required on these blanks we assure you that we will give this matter our prompt attention." No reply was made to that letter and no effort made to comply with the requirement that the blanks be filled in and the forms executed until April 11, 1940, when the attorney for Pickens addressed to the Company a letter advising it that Mrs. Pickens had died on December 19, 1939; that Mr. Pickens had made due proof on January 29, 1940, which had been received by the Company on January 31, 1940. The letter then stated:

"Under the terms of Section 14, Acts of the Regular Session of the 46th Legislature, which is applicable to you in this case, and being Senate Bill No. 135, you were given sixty days after receipt of such proofs to reject this claim, if you had any intention of doing so, and since you have not within the statutory period rejected the claim, the said law provides that 'it will be presumed as a matter of law that liability has been accepted.'

"The amount of the claim, per the terms of the policy, is $2,500.00, and I ask that you kindly give this matter your prompt and businesslike attention."

■ It is undisputed in the record that the five forms furnished to the plaintiff by the Company were those usually furnished by it to claimants. Form No. 5, which the claimant did not execute, was in substance and effect the same as the deleted portion of Form No. 1 above copied. Form No. 3, which plaintiff failed to have filled out and executed was a statement and affidavit to be made by the registrar or other person in authority at the hospital regarding the hospital record of deceased. It requested information, among other things, as to the date the deceased was admitted to the hospital; the date discharged; condition upon discharge; symptons complained of at the time of entry; tentative diagnosis; whether the onset was acute or chronic; whether surgery was performed; the final diagnosis; whether there was any evidence of cancer; whether deceased

was afflicted with any other infirmity; what history was given; the name and address of all doctors who attended deceased during her confinement. Much other information was sought, but the foregoing recital is sufficient to disclose that the information sought was material. No reason was assigned by the plaintiff for his failure or refusal to have such statement made by the proper authority at the hospital. There is no showing that he was unable to do so, but on the contrary it is shown that he deliberately chose not to undertake to do so.

We do not hold that even under the broad provisions of the policy above quoted the Company could arbitrarily require a plaintiff to fill in each and every blank which it might see fit to furnish. American National Ins. Co. v. Callahan, 125 Texas 222, 81 S. W. (2d) 504; Travelers Ins. Co. v. Cadena, 91 S. W (2d) 1112 (error dismissed). But the information sought in Form 3 from the proper authority at the hospital is obviously material and proper. No suggestion is disclosed upon the fact of the form itself or by the evidence that the Company was making an arbitrary demand. While the deceased did not die in the hospital, it is shown without dispute that she had been a patient in the hospital both before and after the policy was executed. No reason is perceived why plaintiff owed any less duty to furnish the information called for in Form 3 than that called for in the other forms. When an insurer defends an action on a valid policy on the ground that the claimant has not furnished due proof of loss, the provisions of the policy with respect thereto will be given a liberal construction; but when, as here, the claimant cannot stand upon the policy and seeks to fix a liability which otherwise would not exist by invoking the provisions of a statute, the reason for the rule of liberality disappears. Construing the policy and the applicable statutes in the instant case according to their plain language it is our conclusion that plaintiff has not complied with the statute which he invokes and he is, therefore, not entitled to relief thereunder.

Under our views above expressed it becomes unnecessary for us to consider the constitutional questions suggested or the grounds upon which the Court of Civil Appeals rested its decision.

The judgment of the Court of Civil Appeals reversing and rendering the case will be affirmed.

Opinion adopted by the Supreme Court June 24, 1942.