## SOUTHERN STATES LIFE INS. CO. v. WILSHIRE.

### No. 2730.

Court of Civil Appeals of Texas. Waco.

June 19, 1947.

Rawlings, Sayers & Scurlock and Scott Daly, all of Fort Worth, for appellant.

James D. O'Connor, of Dallas, for appellee.

HALE, Justice.

This is a suit for accidental death benefits alleged to be due appellee under the terms of a policy of insurance issued by appellant. The case was tried before the court below without a jury and resulted in judgment for appellee. The controlling questions presented on the appeal are (1) whether the suit was prematurely brought by reason of appellee's failure to furnish proof of loss and (2) whether the evidence adduced upon the trial was sufficient to show that the death of the insured resulted solely from accidental means.

In her petition appellee alleged that she could not set out the exact terms of the policy sued upon because the same was not in her possession. Although she pleaded the substance of certain provisions in the policy, she did not allege that any proof of loss had been filed thereunder or that appellant had waived the filing thereof. In its answer appellant specially excepted to the petition because appellee had failed to allege therein that she had furnished it with proof of loss. In addition thereto appellant fully pleaded, under oath, that the suit was prematurely brought in that appellee had failed to furnish it with proof of loss as required

in the policy. Before announcing ready for trial on the merits, appellant duly presented its exception and plea in abatement but the court declined to rule upon the same until after hearing the evidence. Upon the conclusion of the evidence the court overruled appellant's exception and its plea in abatement and rendered judgment for $685, reciting therein that $500 was the principal amount due on the policy, with $60 as penalty and $125 as an attorney's fee.

Under the first three points in its brief appellant says the trial court erred in overruling its exception to appellee's petition, its plea in abatement thereto, and in rendering judgment against it, because of appellee's failure to allege or prove the furnishing of proof of loss as required by the policy sued upon.

The policy was issued to appellee's father on November 15, 1944. It provided in substance, among other things, that appellant would pay certain hospital benefits under contingencies therein set forth, and in addition thereto would pay to appellee as beneficiary, subject to the provisions and limitations therein contained, the sum of $500 in the event the death of the insured should result "directly and independently of all other causes from bodily injury sustained through purely accidental means while this policy is in effect." It further provided that affirmative proof of loss must be furnished on all claims thereunder; that immediate written notice of accidental death must be given; that upon receipt of such notice appellant would furnish to the claimant such forms as are usually furnished for filing proofs of loss; and that: "no action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy."

On January 18, 1945 the insured was lifting a case of corn in his grocery store when he experienced a sudden pain in his abdomen. He was taken to a hospital where he died on January 20, 1945. The sister of appellee filed application with appellant on January 30th for hospital benefits and on February 9th appellant forwarded its check in the sum of $18 to appellee in payment thereof. Appellee's attorney then made demand for the payment of death benefits and

thereupon appellant forwarded forms for filing proof of loss, with request that same be completed and returned to it in accordance with the requirements of the policy. However, we find no evidence showing or tending to show that appellant's request was complied with, either in whole or in part, or that any excuse existed for appellee's failure so to do. On the contrary, the evidence affirmatively indicates that no proof of loss was ever furnished appellant on the claim for death benefits and no effort was made to furnish the same.

■ Since the policy in suit makes the furnishing of proof of loss a condition precedent to the enforcement of legal liability, we think it was undoubtedly the duty of appellee to plead and prove either a substantial compliance with the terms of the policy in that respect or a waiver thereof before she was entitled to any recovery herein. Cooley's Briefs on Insurance, (Sec. Ed.) Vol. 7, p. 5875; Commercial Union Assur. Co. v. Preston, 115 Tex. 351, 282 S.W. 563, pts. 4 and 5, 45 A.L.R. 1016; Missouri State Life Ins. Co. v. Le Fevre, Tex.Civ.App., 10 S.W.2d 267, error dismissed; Federal Surety Co. v. Smith, Tex. Com.App., 41 S.W.2d 210, pts. 3–8; Pickens v. Texas Independence Life Ins. Co., 139 Tex.. 372, 163 S.W.2d 189. Therefore, we sustain each of the first three points in appellant's brief.

■ Under other points in its brief appellant says in effect the court below erred in rendering judgment against it because the evidence was insufficient to show that the death of the insured resulted directly and independently of all other causes from bodily injury sustained through purely accidental means. We sustain this contention. Bryant v. Continental Cas. Co., 107 Tex. 582, 182 S.W. 673, L.R.A. 1916E, 945, Ann.Cas. 1918A, 517; International Travelers' Ass'n v. Ross, Tex.Com.App., 292 S.W. 193. Although appellee testified she was with her father on January 18, 1945 when he lifted a case of corn, turned "white" and complained of pain in his abdomen, we do not think her testimony alone was of sufficient probative force to make out a prima facie case of liability for death benefits under the terms of the policy sued upon. The only

590

medical evidence in the case was a written statement by the physician who attended the insured during his last illness. It was therein stated that the primary cause of his death was a "ruptured peptic ulcer." There was no direct evidence from any source as to the size or weight of the case of corn, or as to how long the ulcer or its rupture might have existed, or as to whether there was any causal connection between the lifting of the corn and the rupture of the ulcer, or as to whether there was or was not any cause or causes other than the ruptured ulcer which did or did not contribute to his death. It thus appears to us that the evidence was wholly insufficient to form the basis for a legal inference that the death of the insured resulted independently of all other causes from a ruptured ulcer or, if so, that such rupture was sustained through purely accidental means, and hence any conclusion with respect to these essential elements of liability would amount to nothing more than mere surmise and conjecture.

Because of the errors discussed, the judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.