**Mell BAKER et ux., Appellants,**

v.

**Ethel Y. PROTHRO, Appellee.**

**No. 4499.**

Court of Civil Appeals of Texas.

Waco.

June 9, 1966.

Odeneal, Odeneal & Hunt, Dallas, for appellants.

Dalton, Moore, Forde & Joiner, Sam S. Stollenwerck, Dallas, for appellee.

OPINION

WILSON, Justice.

The sole question in this suit on a promissory note is whether it is a demand instrument as a matter of law. It reads as follows:

"$25,000          4–27 A. D. 1959

I, L. P. Baker and Mell Baker after date for value received promise to pay to the order of Ethel Y. Prothro Twenty-five thousand Dollars and no/100 Dollars at 6% Int. only with 6% per cent interest per annum from 4–27–59 to 4–27–70 until paid. All past due principal and interest shall bear interest at the rate of 6 per cent per annum until paid." (There follows a provision for attorney's fees and the signatures of the makers). "Due 4–27–60 Int. only and Continue Int on 4–27– of each year April Until Pd."[1]

Summary judgment was rendered under Rule 166–A, Texas Rules of Civil Proce-

1. The word "Due" is a part of the printed form of the note. It is followed by a printed blank in which the succeeding quoted words are inserted.

dure against the makers, husband and wife, in favor of the payee for $25,000 with interest and attorney's fees. Judgment was on the payee's motion contending the note was a demand obligation as a matter of law under Sec. 7, Art. 5932, Vernon's Ann. Civ.St., (Uniform Negotiable Instruments Act) because no time for payment is expressed.

The record on the motion consists of the pleadings and two depositions. There are no affidavits or admissions. The note was prepared by one of the makers, Mrs. Baker, a real estate broker, and was given in consideration of a $25,000 cash advance. Plaintiff pleaded defendants had agreed to execute a deed of trust to secure its payment, and had failed to do so.

The note is ambiguous. It is subject to the construction that it is payable April 27, 1970, the time for payment being so expressed. It is reasonably susceptible also of the interpretation, apparently adopted by the trial court, that no time for payment is fixed.

There is nothing in the depositions relative to the latter issue except a letter to Mrs. Prothro, payee, from the Bakers dated April 27, 1959 in which they state they will build multiple units to be completed by October 1, 1959 and they will give Mrs. Prothro a deed of trust "securing the sum of $25,000, and this note can be paid on or before or any amount can be paid at any time, note to bear 6% interest only until paid, beginning April 27, 1960 and continuing for ten years payable on April 27 each year until paid."

The record presented does not authorize summary judgment, in our opinion. It does not establish the intent of the parties as a matter of law; it does not establish the instrument as a demand note without dispute. It makes these questions impossible of determination as a matter of law, and leaves a fact question to be decided in accordance with general rules applicable to construction of ambiguous con-

tracts. Skelly Oil Co. v. Archer, 163 Tex. 336, 356 S.W.2d 774, 778; Ellisor v. Kennedy, Tex.Civ.App., 128 S.W.2d 842, writ ref. The judgment is reversed, and the cause remanded.