Steven **KAMENOFF**, Appellant,

v.

**L. A. MEADOWS and Jake Horton,**
Appellees.

No. 4911.

Court of Civil Appeals of Texas,
Waco.

Aug. 6, 1970.

Anderson & Anderson, Cleburne, for appellant.

Jim Ferguson, Mahaney & Higgins, Cleburne, for appellees.

## OPINION

WILSON, Justice.

The three points presented in this non-jury suit for possession of realty assert there is no evidence or insufficient evidence to sustain the trial court findings to the effect that defendant-appellees properly exercised their option to renew their leases, and that plaintiff had ratified the renewals. We affirm.

Defendant-appellees claim under separate recorded written leases, and it is necessary to test the record against the points as to each defendant separately. Defendant Meadows leased property from plaintiff's predecessor in title, Bridwell, for a five-year term beginning May 1, 1963. His recorded lease provided he should have two consecutive five year options to re-lease the premises upon the giving to lessor "thirty days written notice prior to the expiration of the primary term."

The lease of defendant Horton from Bridwell, describing other property, was for the same primary term, and contained an option to renew to be exercised by lessee giving "notice in writing of his intention to renew the said lease by mailing the said notice to the home address of lessor no later than 60 days next preceding the date of expiration of this lease".

The case narrows to the question of whether the evidence is adequate to establish notice sufficient to effect renewal of the leases.

The owner-lessor Bridwell sold the property described in both leases to Randle, who

sold it to plaintiff in 1969. Randle testified he never received any written notice from either Meadows or Horton concerning exercise of the renewal options.

Meadows testified he mailed to Randle by certified mail on February 23, 1968 two notices that he was exercising his option of renewal. Envelopes with postage affixed addressed to Randle, one at the De-Soto, Texas address he had furnished to his tenants as his residence, and another at the Duncanville, Texas address he had told them was his business address, are in evidence without objection. They bear the notation, "Certified mail. Return receipt requested". Both were returned to Meadows marked, "Unclaimed". The envelope directed to the address at which Randle testified he had instructed the tenants "to contact" him, marked: "Deliver to addressee only", had noted on it that two notices had been given by the post office to the addressee. The envelopes were both returned to Meadows. These contained notices the option was exercised. Two other such notices were mailed to Randle by registered mail without return addresses, under the belief that Randle was refusing to accept a notice. They, of course, were not returned.

Randle was asked on cross-examination whether there was any reason he should not have received letters addressed to him at his home and business addresses. "Yes, sir; they wouldn't let me have any mail for six months". He then testified he was confined to a Dallas hospital for eleven weeks beginning February 2, 1968, and was not allowed by his physician and family to receive mail from November, 1967 to July, 1968. There is no suggestion that Meadows had knowledge of these facts.

This evidence is adequate, under the record, to show compliance with the requirements of Horton's lease so as to effect renewal, for at least these reasons:

■ (1) The facts upon which the original rebuttable presumption of receipt of a letter by proof of mailing is based remain in evidence, despite a positive denial of its receipt. These facts afford "a legal basis for a fact finding that it was received", and "they tend to sustain" a finding of fact "no matter what other facts the record may reveal". Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854, 858 (1942); American Nat. Ins. Co. v. Callahan, 125 Tex. 222, 81 S.W.2d 504, 505 (1935). See Sudduth v. Commonwealth County Mutual Ins. Co. (Tex.Sup.1970) 454 S.W.2d 196, 198.

■ (2) Performance by the giving of written notice, if it be assumed it was not consummated, was prevented by the act of lessor, whose agents, when he was ill and confined to the Dallas hospital, "wouldn't let me have any mail". This excused strict performance, which would otherwise have been completed by delivery of the written notices properly mailed, and thus made the mailing substantial performance, which will be treated as complete performance. Sanderson v. Sanderson (1937), 130 Tex. 264, 109 S.W.2d 744, 745, 749; Miller v. Hodges (Tex.Com.App.1924), 260 S.W. 168; Houston County v. Leo L. Landauer & Associates, Inc. (Tex.Civ.App.1968, writ ref. n. r. e.), 424 S.W.2d 458, 464; 13 Tex. Jur.2d Contracts, pp. 557–560, Secs. 307, 308; 17 Am.Jur.2d, Contracts, pp. 880–884, Secs. 426–428.

■ (3) Moreover, "voluntary absence of one party from the place assigned for performance is equivalent to a refusal to perform and excuses the other party". 17 Am.Jur.2d, id., p. 883.

■ (4) We think the evidence is sufficient to support an implied finding that the parties subsequently agreed upon use of the mails as the means of giving written notice. In such case, mailing constituted compliance with the lease requirement of giving written notice. Pruett Jewelers, Inc. v. J. Weingarten, Inc. (Tex.Civ.App.1968, writ ref. n. r. e.), 426 S.W.2d 902, 905, and cases cited. See generally, Ann. 51 A.L.R. 2d 1404 and 50 Am.Jur.2d Sec. 1184, p. 72.

Horton's case is simpler. His lease provided for notice in writing "by mailing the said notice to the home address of lessor". It is undisputed that notice of exercise of the renewal option was mailed by Horton to Randle's home address by certified mail with postage affixed on January 27, 1968, more than 60 days before expiration of the primary term. The lease requirement was thus complied with according to its terms. 51C C.J.S. Landlord and Tenant § 82, p. 248, n. 88.5; Hill v. Gulf Oil Corp. (Va. Sup.1958) 200 Va. 287, 105 S.E.2d 625, 627; 50 Am.Jur.2d, Landlord and Tenant, Sec. 1184, p. 72. His notice is also sufficient for the reasons applicable to that of Meadows stated above.

It is not necessary to pass on the point concerning ratification.

Affirmed.