**5629 CORPORATION, Appellant,**

v.

**IDEAL LIGHTING FIXTURES COMPA-NY, INC., et al., Appellees.**

**No. 16676.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 15, 1976.

Rehearing Denied May 13, 1976.

Alfred C. Schlosser, Gerald A. Sadler, Houston, for appellant.

Richie, Greenberg & Brackman, Roger B. Greenberg, Houston, for appellees.

PEDEN, Justice.

Appeal from a summary judgment in favor of the plaintiffs in their declaratory judgment suit to construe two leases. The trial court determined that the plaintiffs gave the appellant timely notice of their intention to exercise their options to extend the leases and the court reformed one of the provisions in the leases.

Each lease provided on page two in Article II:

"The term of this Lease is for twenty (20) years commencing June 1, 1956 and terminating May 31, 1976, unless sooner terminated under any of the provisions contained herein."

The provisions relating to the lessee's option to extend the lease are found in Article III at the top of page three in each of the leases:

"Strictly conditioned upon the Lessee promptly and faithfully performing all of the terms and provisions herein contained, the Owner hereby gives Lessee an option to extend this Lease for an additional period of ten (10) years, such ten year optional period commencing June 1,

1977 and terminating July 31, 1987, provided that should Lessee desire to exercise said option, then it shall give notice to the Owner by registered mail two (2) years or more before the termination of the main twenty (20) year term of this Lease."

Thus there was a gap from May 31, 1976 to June 1, 1977 between the end of the main term and the beginning of the optional term.

Ideal Builders gave notice of its wish to exercise the option to extend the lease in a letter dated January 22, 1975, but the lease required it to give such notice by May 31, 1974, so the notice was more than seven months late.

The summary judgment evidence consisted of an affidavit by Jack Kay, president of Ideal Lighting Fixture Company, Inc., and of Ideal Builders Hardware Company, Inc., and an affidavit and deposition of Leon Deutser, president of 5629 Corporation.

When the lease contracts were executed on February 3, 1956, the lessors, Kay and Deutser, owned the building as partners and both were shareholders and officers of their corporate enterprises, Ideal Builders Hardware Company, Inc., and Ideal Lighting Fixture Company, Inc. The 5629 Corporation became successor owner and lessor of the leased premises, and the lease agreements were assigned to it in 1959. The association between Kay and Deutser was terminated; Kay became president and principal owner of the Ideal corporations, while Deutser became president and principal owner of the 5629 Corporation. After receipt of the January 22, 1975, notice of extension, 5629 Corporation replied that the notice was not timely given and this litigation followed.

Appellant's first point of error is that the trial court erred in finding that the "Plaintiffs' notice of intention to exercise the option . . . to extend the lease are found to have been timely made" because no basis for equitable relief exists in that there was no showing of mutual mistake or of a unilateral mistake combined with inequitable conduct by the appellant as to the

due date. In its second point the appellant complains that there are issues as to material facts upon which the judgment must be based and they cannot be determined in a summary judgment proceeding.

The Ideal companies, plaintiffs, contend that the lease option was timely exercised because, applying the equitable standard set out in *Jones v. Gibbs,* 133 Tex. 627, 130 S.W.2d 265 (1939), the trial court was fully authorized to find as a matter of law that plaintiffs were not grossly negligent in exercising their lease option but rather that they were misled by the ambiguity or mistake in the leases. They further contend that under the test in *Jones,* once it is determined that they were thus misled, there remained only the task of determining whether the defendant had materially changed his position in reliance on plaintiffs' delay in exercising their lease options. They also argue that any delay on their part in timely exercising their options was brought about by the defendant's conduct.

We sustain the appellant's first and second points of error. We cannot say that the summary judgment evidence establishes as a matter of law that there is no genuine issue as to any material fact concerning the giving of notice that the option would be exercised and that the appellees were entitled to summary judgment as a matter of law. The clause that fixed the beginning and ending dates of the optional term is the result of a mistake and is ambiguous, but we do not consider ambiguous the clause that limited the time for giving notice that the option was being exercised. Further, the appellant testified he always relied on May 31, 1976, as the end of the primary term and that notice was to be given "two years prior to the termination of the primary term" in May of 1974, while the appellee contends he relied on the beginning of the option period in paragraph 3, June 1, 1977, as to when to give notice.

If there is any ambiguity in the meaning of a contract, and any dispute as to the interpretation placed on it by parties, the issue as to its true meaning is one of

fact for the jury. *Ellisor v. Kennedy,* 128 S.W.2d 842 (Tex.Civ.App.1939, writ ref.)

▬ Even if the notice clause be considered ambiguous, the appellees would not be entitled to summary judgment unless they established as a matter of law that they were misled by the ambiguity, that they intended to exercise the option, and that they would suffer substantial damage if the lease is terminated. Such proof is necessary if the appellees are to be relieved of a strict compliance with the notice provision in order to exercise the option. In the absence of equities an optionee is held to a strict compliance with the terms of the option agreement. *Ziedman v. Davis,* 161 Tex. 496, 342 S.W.2d 555 (1961).

The appellees' summary judgment proof consisted of an affidavit by Mr. Kay. In it he stated that as president of both plaintiff corporations he "did reasonably rely on paragraph 3 of the Lease Agreements . . . to determine the date on which notice was required for the exercise of the option provisions in said lease contracts." He asserted that he gave notice on behalf of both corporations on or about January 22, 1975, claiming that this was some four *months before such notice was required by* paragraph 3 of the leases. He also said:

"The Lease Agreements contain an ambiguity as to the dates regarding the termination of the primary term and commencement of the option term causing confusion and resulting in notice given by the Plaintiffs herein of their intention to exercise said option terms subsequent to the date on which Defendants herein felt that such notices were properly due.

"It was at all times the intention of Plaintiffs herein to exercise their option pursuant to said lease contracts and to timely notify the Lessor, Defendant herein, of their intention to so exercise said option. I filed said notice with Lessor, reasonably relying upon Paragraph 3 of said lease contract in which it is stated that the option term would commence on June 1, 1977. I was at all times unaware of any ambiguity in the contract and was not put on notice by the Lessor of any

such ambiguity in dates concerning the termination of the primary term and the commencement of the option term."

Mr. Kay made his affidavit as president and principal owner and on behalf of the plaintiff corporations, so it is the testimony of an interested party. *Strickland Transportation Co. v. Navajo Freight Lines, Inc.,* 387 S.W.2d 720, 726 (Tex.Civ.App.1964, no writ).

"An affidavit by an interested party to a matter of which the adversaries have no knowledge or ready means of confirmation does no more than raise an issue of fact. The affidavit does not establish the facts conclusively, and it therefore will not support a summary judgment." *Lewisville State Bank v. Blanton,* 525 S.W.2d 696 (Tex.1975).

The plaintiffs offered no summary judgment evidence of damage they would suffer by termination of the lease, but the defendant-appellant offered evidence that it would be damaged by a ruling that notice was timely given. The plaintiffs-appellees say that circumstantial evidence demonstrates that they would be damaged by moving from a location they had used for twenty years. However, the burden of proof was on them as movants and all doubts as to the existence of a genuine issue as to a material fact are resolved against the movants. *Great American Reserve Insur. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41 (Tex.1965).

Looking at all the relevant summary judgment evidence on the points we note that Mr. Deutser, president of 5629 Corporation, stated at one point in a deposition that it was after May 31, 1974, that he became aware of the mistake in the dates of the option period, but later in the deposition he testified that he learned of it before that time. He did not confer with Mr. Kay about this discovery; they were not on speaking terms. When asked whether Kay would have probably exercised his option had he been able to do so pursuant to paragraph 3, Deutser replied "Apparently so."

We hold that this evidence did not justify a holding as a matter of law that the plaintiff companies were relieved of a strict compliance with the notice provision.

The summary judgment evidence shows that the parties agreed that there was a mutual mistake in having the lease provide that the optional lease should begin one year after the end of the primary term. We affirm the trial court's reformation of the option term to provide that it begins on June 1, 1976, and ends on May 31, 1986.

Having sustained the appellant's first and second points of error, we do not reach his others.

The judgment of the trial court in reforming paragraph 3 of the lease contracts to provide that the ten year option periods are to begin on June 1, 1976 and end on May 31, 1986 is affirmed; the judgment is otherwise reversed and remanded.

## ON MOTION FOR REHEARING

We amend our opinion in this appeal to delete these words from the fifth paragraph from the last: "but the defendant-appellant offered evidence that it would be damaged by a ruling that notice was timely given."

Appellees' motion for rehearing is overruled.