**Victoria GREENBAUM, Appellant,**

**v.**

**Julian CORTEZ, Jr., Appellee.**

**No. 1908.**

Court of Appeals of Texas, Corpus Christi.

Sept. 23, 1982.

Rehearing Denied Oct. 28, 1982.

---

Randell W. Friebele, Ferrero, Brasch & Moore, Harlingen, for appellant.

Moises V. Vela, Vela & Garcia, Harlingen, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment granting specific performance of an option to purchase realty.

On December 3, 1974, Mike Sullivan owned real property in Cameron County described as Lot 6 and the south one-half of Lot 5, Block 14 of the Third Addition to the city of San Benito. On that date, Sullivan leased the property to Julian Cortez, Jr., appellee herein, for a term of five years, beginning December 5, 1974.

The lease contained the following provision:

"Seller gives buyer option to purchase said property for $16,500. at the end of 5 years with ⅔ of rent money going toward down payment."

On April 10, 1975, Sullivan conveyed the property to Daniel Greenbaum, former husband of Victoria Greenbaum, appellant herein. Appellant acquired sole title to the property as part of a settlement agreement incident to her divorce from Daniel Greenbaum.

At the end of his lease, appellee attempted to exercise his option to purchase the property. The appellant refused to convey the property to appellee. Appellee then brought the present suit for specific performance. The trial court, sitting without a jury, granted judgment for the remedy sought.

Appellant brings three points of error. We are of the opinion that the second point of error has merit. In it, appellant alleges that the trial court erred in ordering specific performance because the appellee did not properly accept the option.

Where a contract provides for a fixed sum but has no provision concerning time or method of payment, the general rule is that the consideration is to be paid in cash upon the exercise of the option. *Estate of Griffin v. Sumner*, 604 S.W.2d 221 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). We have before us just such a contract.

It is clear that the acceptance of an option must comport and agree with the terms of the option. *Vratis v. Baxter*, 315 S.W.2d 331, 337 (Tex.Civ.App.—Beaumont 1958, writ ref'd n.r.e.); *Hutcherson v. Cronin*, 426 S.W.2d 638 (Tex.Civ.App.—Tyler 1968, no writ); 91 C.J.S. Vendor and Purchaser § 10 (1955). Unless it would be inequitable to do so, the optionee is held to strict compliance with the terms of the option. *Zeidman v. Davis*, 161 Tex. 496, 342 S.W.2d 555 (1961). A purported acceptance that modifies any term of an option is not strict compliance. *Creson v. Christie*, 328

512

S.W.2d 772 (Tex.Civ.App.—Beaumont 1959, writ ref'd n.r.e.).

■ The record in this case reflects that the appellee was not ready and able to tender the purchase price when the lease expired. According to the appellee's own testimony, he contacted the appellant orally before the expiration date, but admitted that he did not have the necessary funds to consumate the option contract. He admitted visiting the appellant's attorney on December 5, 1979, the day *after* the lease expired, to attempt to get the appellant to finance the balance due. Appellee did not obtain an outside commitment for a loan of the necessary funds until at least a week after the lease and option to purchase had expired.

■ Time is of the essence in option-type contracts. *Tabor v. Ragle,* 526 S.W.2d 670, 675 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.); *Carroll v. Wied,* 572 S.W.2d 93, 96 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Herber v. Sanders,* 336 S.W.2d 783, 785 (Tex.Civ.App.—Amarillo 1960, no writ). Appellee's option to purchase the land called for exercise by performance on his part. Without a proper and timely exercise of the option agreement in accord with the option's terms, there cannot be a contract enforceable by specific performance.

Appellant's second point of error is sustained. The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.

REVERSED AND RENDERED.