### Bruce W. BROWN and Joanne Brown, Appellants,

v.

### SWIFT–ECKRICH, INC., Appellee.

### No. 08–89–00303–CV.

Court of Appeals of Texas, El Paso.

April 4, 1990.

Rehearing Overruled May 9, 1990.

James H. Robichaux, Michael J. Sullivan, Harris, Browning, Jordan & Hyden, Corpus Christi, for appellants.

H. Keith Myers, Grambling & Mounce, El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

In a suit for declaratory judgment concerning the notice requirements of a lease,

the trial court held that the lessee had properly and timely exercised its option to renew the lease for an additional two year term. We affirm.

The lease in question, originally entered into in 1974 and amended in 1984, provides with reference to options to renew as follows:

Except as set out in this paragraph, each renewal shall be on the same terms and conditions as contained herein, and each option must be exercised at least six months prior to the expiration of the previous term by written notice to Lessor.

Paragraph XIX provides:

NOTICES: All notices required hereunder shall be made in writing by CERTIFIED MAIL, RETURN RECEIPT REQUESTED, . . . .

The notice in issue had to do with the fourth option to renew from July 1, 1989 to June 30, 1991. On December 27, 1988, the lessee, Appellee herein, deposited in the United States Mail a certified letter with return receipt, addressed to lessors, Appellants herein, in Corpus Christi, exercising Appellee's fourth option to renew. There is no evidence when the postal service first attempted to deliver the letter but a delivery notice left at Appellants' address indicated that the certified letter could be picked up at the post office after 4:30 p.m. on January 3, 1989, which Appellants did that day. On that same day, Appellants sent a letter to Appellee advising it that since they had not received notification of renewal six months before the expiration of the lease, the lease would expire on June 30, 1989. Appellee filed this suit for a judgment construing the lease and declaring that Appellee had timely exercised its option to renew. From an adverse judgment, Appellant brings this appeal.

In their third point of error, Appellants contend that under the terms of the lease, they must have received the notification of renewal on or before the deadline of December 31, 1988 in order for it to be effective and therefore the trial court erred in ruling for Appellee.

Where the lease contains express provisions concerning the exercise of an option to renew, a strict compliance with those provisions is required in the absence of any equities in the lessee's favor. *Reynolds–Penland Company v. Hexter & Lobello,* 567 S.W.2d 237 (Tex.Civ.App.—Dallas 1978, dism. agr.). Obviously, if the lease in this case had specified that notice had to be received by the lessor by the deadline or that it had to be deposited in the mail by the deadline, the case would not now be in court, but the lease is silent on this subject. The issue is not one of first impression in Texas. It has been held that where the parties have mutually agreed in a lease upon the use of the mail as the manner and mode for the lessee to give its written notice exercising the option, absent a provision requiring actual receipt by the lessor, the depositing of such notice, properly addressed and stamped, in the mail within the time specified in the lease is sufficient to accomplish its purpose. *Pruett Jewelers v. J. Weingarten, Inc.,* 426 S.W.2d 902, 905 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.); *Kamenoff v. Meadows,* 457 S.W.2d 574 (Tex.Civ.App.—Waco 1970, no writ). In *Pruett,* there was an almost identical situation with ours, that is, a lease with an option to renew for an additional term "provided Tenant gives Landlord written notice of its election so to extend the term by United States Registered Mail, postage prepaid, at least six (6) months before the expiration of the original term." 426 S.W.2d at 903. The letter of notification was mailed on the last day of the renewal deadline and was received by the lessor two days later. The court of appeals also held that even if the notice was untimely, its untimeliness was waived by the lessor's acceptance and acquiescence. However, the main thrust of its opinion was that depositing the notice in the mail within the renewal time met the lease requirement.

Citing *Pruett* with approval, the court in *Kamenoff* was faced with an option renewal provision requiring that the lessee give "notice in writing of his intention to renew the said lease by mailing the said notice to the home address of lessor no later than 60

days next preceding the date of expiration of this lease." 457 S.W.2d at 575. At least two notices were sent by certified mail well within the time limit but were never received by the lessor who was in the hospital and not allowed to receive any mail. Two of the five reasons given by the court in affirming the trial court finding that the lessees had properly exercised their option, were that since use of the mails had been agreed upon, the mailing of the notice constituted compliance with the renewal requirements, and since the notice had been appropriately mailed to the lessor at his home address more than sixty days prior to the expiration of the term, it complied with the terms of the lease. 457 S.W.2d at 576.

A contrary result was reached in *Scott–Burr Stores Corp. v. Wilcox*, 194 F.2d 989 (5th Cir.1952), which held that strict compliance with option requirements under Texas law, absent equities in lessee's favor, meant that notice exercising the option must be received by the lessor within the option period. In that case, notice was to be given the lessor at least twelve months prior to the expiration of the term, but there was no provision authorizing or requiring the mailing of notice, as in the instant case.

■ Where the provisions of the option provision are clear and unambiguous, the Texas cases, including *Scott–Burr*, would hold the party exercising the option to strict compliance with the exact terms of the option, except when it would be inequitable to do so. *Zeidman v. Davis*, 161 Tex. 496, 342 S.W.2d 555 (1961); *Greenbaum v. Cortez*, 644 S.W.2d 510 (Tex.App.—Corpus Christi 1981, writ dism'd); *5629 Corporation v. Ideal Lighting Fixtures Company, Inc.*, 538 S.W.2d 139 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Although there are equities in this case, such as the prior length of the lease, Appellee's payroll and capital expenditures to improve the leasehold and Appellee's effort to comply with the option requirement by mailing notice four days before the deadline, all of which would support Appellee's position, we feel it unnecessary to resort to such equities in order to reach a proper result. The parties had agreed that all required notices were to be made in writing by certified mail at least six months prior to the expiration of the previous term, not that the notices had to be received by the lessor at least six months before term end. Under such circumstances, we hold that by depositing a proper notice by certified mail prior to the deadline, Appellee sufficiently met the option renewal requirements. Point of Error No. Three is overruled.

In their first and second points of error, Appellants complain of the trial court's alternative finding that they constructively received the certified option renewal letter as of December 31, 1988. Assuming without deciding that the trial court erred by that finding, such error was harmless in view of our ruling on their third point. It is therefore unnecessary for us to consider those points.

Judgment of the trial court is affirmed with all costs adjudged against Appellants and order that Appellants pay an additional $1,500.00 as attorney's fees for the appeal in accordance with that judgment.