**HUSH PUPPY OF LONGVIEW, INC., and First Federal Savings & Loan Association of Texarkana, Appellants,**

v.

**CARGILL INTERESTS, LTD., Appellee.**

**No. 6–92–040–CV.**

Court of Appeals of Texas, Texarkana.

Oct. 20, 1992.

Rehearing Denied Nov. 24, 1992.

James E. Hughes, Merriman, Patterson & Allison, Longview, for appellants.

T. John Ward, Brown McCarrol & Oaks Hartline, Houston, for appellee.

Before CORNELIUS, C.J.; and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Hush Puppy of Longview, Inc. and First Federal Savings & Loan Association of Texarkana appeal from an adverse summary judgment rendered in a declaratory judgment action involving the construction of a real estate lease and letter agreement. The district court held that, because the lessee failed to exercise an option to renew, the lease expired by its own terms on April 30, 1990.

Hush Puppy and First Federal contend that the court erred in granting the summary judgment because a letter agreement modifying the lease required the lessor to notify First Federal of the lessee's failure to exercise the renewal option before the lease could expire, and that there were genuine fact issues as to equities which would prevent the application of the general rule of law that requires strict compliance with the terms of lease renewal options.

In October of 1974, Robert Cargill, as lessor, entered into the lease agreement with Hush Puppy's predecessors in interest, as lessees. The lease covered a two-acre tract of land and contemplated that the lessee would construct a building on the premises. The initial term of the lease was ten years. By the following provision, lessee was granted options to renew the lease for six consecutive periods of five years each.

Lessees, their heirs, successors and assigns, shall have the absolute right and option to renew this lease for six consecutive option periods of five years each, provided that on or before ninety (90) days prior to the date of expiration of the primary term, or any extension thereof, Lessees notify Lessor in writing by registered or certified mail, postage prepaid, addressed to Lessor at P.O. Box 992, Longview, Texas, that Lessees desire to exercise such option. In the event that such option is exercised, Lessees shall hold the leased premises under the same terms, conditions and provisions as are herein provided for.

Before the initial term expired, Hush Puppy timely exercised the first option to renew, thereby extending the lease term through April 30, 1990.

First Federal made a loan to Hush Puppy in 1984 for improvements to be made on the premises. The loan was secured by a lien on the leasehold and improvements. To protect First Federal's interest, Hush Puppy and Cargill executed a letter agreement, dated June 18, 1984, which contained this paragraph:

9. The undersigned Robert Cargill agrees with First Federal Savings and Loan Association that from and after the date hereof, he will not seek to terminate said Lease by reason of any act or omis-

sion of the Lessee until he shall have given written notice of such act or omission to First Federal Savings and Loan Association of Texarkana and until a reasonable period of not less than thirty days shall have elapsed following the giving of such notice, during which period First Federal Savings and Loan Association of Texarkana shall have the right, but shall not be obligated, to remedy such act or omission or proceed with reasonable diligence and good faith to complete the curing thereof.

By the terms of the lease, Hush Puppy must have notified Cargill ninety days before April 30, 1990, i.e., by January 30, 1990, if it desired to exercise the second option to renew. Hush Puppy failed to give any notice. On April 16, 1990, Cargill's attorney advised Hush Puppy by letter that the lease would expire by its own terms on April 30, 1990, and that Hush Puppy should be prepared to surrender the premises on or before that date. On April 30, 1990, First Federal wrote Cargill and attempted to exercise the option to renew. It claimed that Cargill had violated Paragraph 9 of the letter agreement by failing to advise First Federal of Hush Puppy's failure to give notice of renewal. Cargill rejected First Federal's notice of renewal as improper and untimely.

On June 6, 1990, Cargill filed this suit under the Declaratory Judgment Act, asking for a construction of the letter agreement. Hush Puppy and First Federal counterclaimed, asking for a construction of the lease contract as modified by the letter agreement. Both parties moved for summary judgment. The court granted Cargill's motion, ruling that the lease had expired by its own terms because Hush Puppy failed to timely exercise its option to renew. First Federal and Hush Puppy contend that the judgment is erroneous because the letter agreement required Cargill to give notice of Hush Puppy's failure to exercise the option, and because it did not give such notice, First Federal's belated exercise of the option for Hush Puppy was effective to extend the term of the lease. Both parties agree that the lease and the letter agreement are unambiguous and that

construction of them is a question of law for the court.

When both parties move for summary judgment, as here, we must review all of the summary judgment evidence accompanying both motions before deciding whether either of the motions should have been granted. *Villarreal v. Laredo National Bank*, 677 S.W.2d 600, 605 (Tex. App.–San Antonio 1984, writ ref'd n.r.e.). Issues not expressly presented to the trial court by written motion, answer, or other response may not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166a(c). We may consider only the evidence on file before the trial court at the time of the hearing on the motions, *Gandara v. Novasad*, 752 S.W.2d 740, 743 (Tex. App.–Corpus Christi 1988, no writ), and we must render the judgment that should have been granted by the trial court. *Members Mutual Ins. Co. v. Hermann Hospital*, 664 S.W.2d 325, 328 (Tex.1984).

A lease for a definite term requires no action for its expiration at the end of the term. It terminates at that time automatically and by operation of its own provisions. *Bockelmann v. Marynick*, 788 S.W.2d 569 (Tex.1990); *Barragan v. Munoz*, 525 S.W.2d 559 (Tex.Civ.App.–El Paso 1975, no writ). Generally, options to renew the lease for additional terms must be exercised strictly according to the option provisions. *Zeidman v. Davis*, 161 Tex. 496, 342 S.W.2d 555 (1961); *Brown v. Swift–Eckrich, Inc.*, 787 S.W.2d 599 (Tex.App.–El Paso 1990, writ denied); *5629 Corp. v. Ideal Lighting Fixtures Co.*, 538 S.W.2d 139 (Tex.Civ.App.–Houston [1st Dist.] 1976, no writ). Hush Puppy did not comply with the option to renew because it did not give the required notice on or before ninety days before the expiration of the extended term, as required by the plain terms of the option provision. Consequently, the lease expired by its own terms on April 30, 1990, unless the letter agreement served to excuse Hush Puppy's failure to timely exercise the option.

In Paragraph 9 of the letter agreement, Cargill agreed that it would not "seek to

terminate" the lease by reason of any act or omission by Hush Puppy without giving First Federal notice and an opportunity to cure such act or omission. Construing the letter agreement together with the lease provisions, as we must, we conclude that Paragraph 9 of the letter agreement applies only when the lessor chooses to exercise its right to terminate the lease because of some breach or default by the lessee. It is only when, according to the lease provisions, a default occurs that Cargill can legally "seek to terminate" the lease. By its express terms, Paragraph 9 of the letter agreement applies only when and if Cargill seeks to terminate the lease. The undisputed summary judgment evidence shows that Cargill did not seek to terminate the lease. It only advised the parties that the lease would expire by its own terms on April 30, 1990. Thus, the obligation of notice provided for by Paragraph 9 of the letter agreement never arose.

First Federal contends that strict compliance with options to renew is not required when there are equities making it unfair to do so. There is no summary judgment evidence of any equities which would make strict compliance in this case unfair. Indeed, First Federal and Hush Puppy in their brief assert that they do not seek the assistance of equity, but they merely seek to hold Cargill to its responsibility under the terms of the letter agreement.

As Cargill did not seek to terminate the lease, but the lease expired by its own terms on April 30, 1990, the trial court correctly rendered the summary judgment.

For the reasons stated, the judgment of the trial court is affirmed.