**BAXTER LAUNDRIES, INC v LUCAS**

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 20, 1932

William B. Quinn, Canton, for plaintiff in error.

Elson Wefler, Massillon, and Amerman & Mills, Canton, for defendant in error.

SHERICK, PJ.

Considering first the last reason assigned, we quickly determine that there is no merit therein. An option in a lessee to enjoy an additional term upon his notice so to do is a contractual privilege, which he may exercise within a given time, or remain silent. The specification that the lessee must exercise the option within that given time is for the sole benefit of the lessor. He may waive the time restriction and consent to a delayed election by his lessee. If the exercise of the option is made in due season, the lessor's acknowledgment of notice has no binding effect. If made after season, the lessor may repudiate the late action, or he may consent thereto in writing, by word of mouth, or by his future conduct. It is contended that notice in this case was not made in time. We believe and find it to have been given in season. The lease reads: "Giving two years prior notice in writing." It does not say that it shall be given to hand, nor is it recited that it shall not be given by mail. Deposit in the mails we hold to have been sufficient, and, if this be not sound as a legal conclusion we believe from the evidence that the lessor consented by his conduct thereto. Certainly the Fame Laundry Company, through Admire, its agent, so understood, as is evidenced by its letter to Lucas of October 27, 1928.

The third reason advanced may also be disposed of with equal dispatch. The language of the option clause and the wording of the letter of October 1, 1928, plainly indicated that the intention of the parties was to extend the term, rather than to execute a new lease. In **Gross v Clauss, 29 O.C.A. 168,** it was held: "A lease for a term with a privilege or option in the tenant of a renewal or extension for a further term upon the same terms and conditions, is a present demise as to the renewal to begin at a future time, and under such covenant no new lease need be required. * * *"

See, also, 35 Corpus Juris, 1022.

The first and second conclusions we would for convenience consider at the same time. Our attention is early directed to the recent case of **Wineburgh v Toledo Corp., 125 Oh St 219,** 181 NE 20, as authority to the effect that a defectively executed lease creates but a tenancy from month to month. Truly, that is sound law, but the question comes, Is this a defectively executed lease

in the sense as understood by §8510, GC? In the present case it is not a question of signing, witnessing, or acknowledging the instrument, but the fault lies in an omission of the description of the premises.

But it is further said that to supply the omission would be to offend against the statute of frauds. This we must answer by direction to the authorities listed in 16 Ohio Jurisprudence, page 173. There the Ohio rule is thus stated: "The attitude of equity with respect to mistakes in written instruments is in opposition to the parol evidence rule as administered in common-law courts."

It rather looks to the nature of the obligations intended to be secured by the instrument, and the relation of the parties thereto, in determining what relief, if any, should be awarded. The rule is clearly announced in Neininger v State, 50 Oh St 394, at page 401, 34 NE 633, 635, 40 Am. St. Rep. 674: "It has long been the settled law of this state that contracts concerning lands, and even deeds and mortgages by which they have been conveyed, may be reformed on the ground of mistake, and upon parol proof, by correcting misdescriptions, including lands omitted by mistake, enlarging or restricting the character of the estate, inserting or qualifying covenants and conditions, and in other respects."

Legislative recognition of equity's searching for substance and not form, and its desire to do that which ought to be done, finds expression in §12210, GC, which reads: "When, in an instrument in writing, or in a proceeding, there is an omission, defect, or error, by reason of the inadvertence of an officer, or of a party, person, or body corporate, whereby it is not in strict conformity with the laws of this state, the courts of this state may give full effect to such instrument or proceeding, according to the true, manifest intention of the parties thereto."

Now, it seems all important to us in this case to ascertain by clear and convincing proof, if possible, whether or not the Baxter Company had notice and knowledge of the lessee's exercising of its right of election to an extension of the term. If it had no such notice or knowledge, it would, of course, be an innocent party, and could not be bound thereby; but the proof seems clear and convincing to the contrary. Admire, as secretary of the Fame Company, which controlled the lessee, exercises the option for it. He thereafter, in his letter of October 27, 1928, calls attention to the omission, and seeks to have the premises'

description supplied and inserted. Next, we find the plaintiff in error acquiring the Massillon property, and thereafter we again find Admire on behalf of the Baxter Company writing Lucas on July 12, 1930, asking for a consent of Lucas to the assignment of the lease to the plaintiff in error, just two and a half months before the expiration of the first term of lease. Since April 22 it had been in the premises paying the rentals provided by the lease. Surely it was not concerned about these two and a half months. It was the long term it had in mind.

We hold the view that it did have notice and knowledge of the lease and its terms and its assignor's exercising of the option. It is not, therefore, an innocent party; like one having no knowledge of an unrecorded document, and should not now be heard to assert that the lease is defective, after having recognized it as a valid instrument.

We conclude that the Common Pleas Court was right in its conclusion. The judgment of that court is therefore affirmed, and the cause is remanded to the trial court for further proceedings.

LEMERT and MONTGOMERY, JJ, concur.