**PRUETT JEWELERS, INC., et al.,**
Appellants,

v.

**J. WEINGARTEN, INC., Appellee.**

No. 326.

Court of Civil Appeals of Texas.

Tyler.

March 28, 1968.

Rehearing Denied April 18, 1968.

Tyner & Bain, J. W. Tyner, Tyler, for appellants.

Spruiell, Lowry, Potter, Lasater & Guinn, J. Donald Guinn, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is a summary judgment case. Suit was instituted in the 7th Judicial District Court of Smith County by the appellee, J. Weingarten, Inc., against appellants, Pruett Jewelers, Inc., as the tenant, and William F. Pruett, individually as guarantor on a lease, alleging that said tenant had moved from the premises with 40 months of said lease remaining. Weingarten further alleged that it had duly attempted to lease said premises to others to mitigate the damage and gave credit for all periods while the premises were leased during the remainder of the term. Appellant Pruett Jewelers vacated the premises in September, 1963.

William F. Pruett personally and unconditionally guaranteed the full performance and observance of all the covenants, conditions and agreements of the lease to be performed and observed by Pruett Jewelers, Inc., its successors and assigns.

Both parties filed motions for summary judgment. Upon a hearing before the trial court, appellants' motion for summary judgment was denied. Appellee's motion for summary judgment was granted and judgment rendered for Weingarten in the total sum of $6,972.00. Appellants duly perfected thier appeal and the trial court's action is now before this court for review.

The original lease, which is the basis of the suit, was entered into between the parties on July 13, 1956. Article III provides:

"The term of this lease shall commence on the date possession of the above described premises is tendered to Tenant, and shall terminate on the last day of the sixtieth (60th) full calendar month thereafter computed from the first day of the first calendar month immediately following tender of possession, unless sooner terminated in accordance with the terms and conditions hereinafter set forth.

"Provided Tenant does not default in performing any obligation or covenant under this lease, it shall have the option to extend the term hereof for an additional period of five (5) years under all the terms and conditions established by this lease and at a rental of Two Hundred Fifty and No/100 Dollars ($250.00) per month, provided Tenant gives Landlord written notice of its election so to extend the term by United States Registered Mail, postage prepaid, at least six (6) months before the expiration of the original term."

On November 19, 1956, Weingarten notified Pruett by letter that the premises were ready for occupancy on November 22, 1956. At the bottom of said letter, it is shown:

"Accepted: Pruett Jewelers, Inc. By: /s/ Wm. F. Pruett." This letter, coupled with the terms set out in the original lease, establishes that the term of the lease actually commenced on December 1, 1956, and continued to run for 60 full consecutive months thereafter, which was until December 1, 1961, with option to extend the lease for another five years as above set out. Thereafter, on May 31, 1961, Pruett Jewelers, Inc., acting by and through its President, William F. Pruett, deposited in the United States Mail in Tyler, Texas, a letter addressed to J. Weingarten, Inc., Houston, Texas, notifying Weingarten that it was exercising its option, which read:

"Under the terms of Article three of our lease of space in Weingarten center, Tyler, Texas, we hereby notify you that we take advantage of our option to renew our lease for an additional five years."

Appellants assert by their first point of error that: "The trial court erred in refusing to enter judgment for appellants because the lease was not extended by a written instrument signed by both parties."

Under this point, it is argued by appellants "that as a matter of law the provisions of this lease agreement were not complied with and that Exhibit 6 (being the letter dated May 31, 1961, from Pruett to Weingarten exercising the option for another five years' lease on the premises) shows on its face that it was not signed by J. Weingarten, Inc. or any duly authorized representative and as provided for under Article XIX of the Lease Agreement, no extension of the Lease Agreement could be made unless it was by written instrument signed by both parties." Appellants further argue "that as a matter of law when such instrument signed by both parties was made expressly necessary and that such instrument was not executed, that such Lease was not extended." Article XIX of the original lease is as follows:

"ARTICLE XIX—*Entire Agreement*

"This instrument constitutes the entire agreement between Landlord and Tenant. No other prior or contemporaneous promises or representations, whether oral or written, shall be binding. This contract shall not be amended, changed or extended except by written instrument signed by both parties hereto."

■ This article merely prevents the written lease agreement from being amended, changed or extended except by written instrument signed by both parties. Pruett Jewelers' written notice that it was exercising its option to extend the lease for an additional five-year period, which was provided for in the original lease, was in no way a violation of or in conflict with Article XIX of the lease. See McCue v. Collins, 208 S.W.2d 652, 655 (Tex.Civ. App., Eastland, 1948, n. w. h.).

■ Moreover, the lease and its option provisions for extending the lease constituted one entire contract for a term of ten years, five years certain, with an additional five years to be made certain upon exercise by Pruett Jewelers of its lease extension privilege, and that throughout the entire period of ten years, all the terms and provisions of the original lease remained intact except where thereafter changed by the agreement of the parties thereto. The extended term of the lease under consideration was fixed by and was a part of the original lease. Springfield Fire & Marine Ins. Co. v. Republic Ins. Co., 262 S.W. 814 (Tex.Civ.App., Dallas 1924, writ dism.); Haddad v. Tyler Production Credit Ass'n, 212 S.W.2d 1006 (Tex.Civ.App., Texarkana, 1948, writ ref.).

■ Where the lessee has the privilege of an extension, and holds over upon timely given notice that he intends to exercise the privilege, he holds for the additional term under the original lease, and not under the notice. Springfield Fire & Marine Ins. Co. v. Republic Ins. Co., supra.

Appellants next contend that "The trial court erred in refusing to enter judgment for appellants because appellants failed to exercise their option within the time and in the manner prescribed by the lease." Appellants argue under this point that Weingarten not having received Pruett Jewelers' notice declaring its option until June 2, 1961, which was less than six months prior to the expiration of the primary term of their original lease, the specified time, that it was not timely given and therefore such notice was insufficient under the terms of the lease to create an extension.

Pruett Jewelers' notice to exercise its option was sent to Weingarten by mail with return receipt requested. The receipt was returned to Pruett Jewelers showing that the written notice was received by Weingarten on June 2, 1961. Even though Pruett Jewelers had knowledge that the notice was received by Weingarten less than six months prior to the expiration of the primary term of the lease, it continued to make the usual monthly payments of the rent. It knew that Weingarten accepted the monthly rent. Nevertheless, Pruett Jewelers never made any contention or informed Weingarten that it contended that the notice exercising its option was ineffective to continue in force the lease for an additional five years until several months after such notice had been mailed to Weingarten and Pruett Jewelers had vacated the premises. We think it quite obvious that all parties considered that the option had been properly exercised and treated the lease as having been extended for the additional period of five years and acted accordingly.

As a matter of fact, long after Pruett Jewelers had vacated the premises, Pruett was contacted by Weingarten in an attempt to collect the unpaid rent and each time Pruett would promise to pay the amount in which Pruett Jewelers was delinquent and repeatedly asked Weingarten to help him find a sub-tenant. Pruett further promised that he would do all he could to find a sub-tenant for his premises.

From the record, it is shown that all parties recognized that the option had been duly exercised by Pruett Jewelers and treated the lease as being in full force and effect for an additional five-year period.

■ There being no contention to the contrary, we assume the notice was properly addressed and stamped. Therefore, the parties having mutually agreed upon the use of the mail as a manner and mode for the tenant to give its written notice exercising its option, the depositing of such notice properly addressed and stamped in the United States Mail within the time specified in the contract was sufficient to extend the lease. Vaughan v. General Outdoor Advertising Co., 352 S.W.2d 562, 565 (Court of Appeals of Kentucky, 1961); Re Crossman's Estate, 231 Cal.App.2d 370, 41 Cal.Rptr. 800; Haddad v. Tyler Production Credit Ass'n, supra.

■ The option by Pruett Jewelers to enjoy an additional term upon its notice so to do is a contractual privilege, which it may exercise within a given time, or remain silent. The specification that Pruett Jewelers must exercise the option within that given time is for the sole benefit of Weingarten. It may waive the time restriction and consent to a delayed election by its lessee, Pruett Jewelers. Baxter Laundries v. Lucas, 43 Ohio App. 518, 183 N.E. 538; 13 T.J.2d 161, Sec. 37.

We find this statement in 32 Am.Jur., page 823, Sec. 980: "It is well settled that the lessor may waive the requirement in a lease of notice by the lessee of renewal at or within a certain time. As a general rule, it seems that the lessor's acceptance, without objection, and his acting upon a notice not given within the required time constitute a waiver. A waiver will be implied where the lessee remains in possession and pays the rent to the lessor. * * *" Written notice of exercise of

an option to extend a lease may be waived by lessor even though such written notice may constitute a condition precedent to exercise such option. Burke v. Shafer, 189 S.W.2d 444 (Tex.Civ.App., 1945, Austin, writ ref., w. m.); Dockery v. Thorne, 135 S.W. 593 (Tex.Civ.App., 1911, writ ref.).

■ As to Pruett Jewelers' notice to Weingarten on May 31, 1961, in which it stated that it was exercising its option to extend the lease for an additional five-year period as therein provided, it must be held that this notice was effectual and binding against it. Weingarten by acknowledging receipt thereof and by its acquiescence therein waived the untimeliness, if any, of the notice and acted thereon. East Eighty-Second St. Corporation v. Rogers, 192 App.Div. 633, 183 N.Y.S. 297 (1920). Waiver is the intentional relinquishment of a known legal right. Faubian v. Busch, 240 S.W.2d 361 (Tex.Civ.App., 1951, Amarillo, writ ref., n. r. e.).

■ For the notice to have reached Weingarten before June 1, 1961, it would have been necessary that it be delivered in Houston on the same day of mailing in Tyler. It is not shown whether this letter of notice was air-mailed or what time of day it was placed in the mail, but at any rate the appellants are charged with the knowledge in view of the date it was placed in the mail that it was very unlikely, if not impossible, for the notice to have reached Weingarten before June 1. It does not lie with Pruett Jewelers now to disavow its deliberate act. East Eighty-Second St. Corporation v. Rogers, supra.

Article III of the lease does not require the notice to be delivered to Weingarten six months before the expiration of the primary term of the lease, but only that the tenant give the landlord written notice of its election so to extend by United States Registered Mail. It is undisputed that such notice by Pruett Jewelers of its election to extend the lease for an additional five years was given by depositing such notice in the mail within the specified time. Again, the record does not disclose whether a notice was sent by Registered Mail. However, the only purpose of the provision of notice by Registered Mail was to insure delivery. East Eighty-Second St. Corporation v. Rogers, supra.

Basic rules governing the disposition of cases under Rule 166–A, Texas Rules of Civil Procedure, are set out in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup., 1965) as follows:

"* * * Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l Bank, 153 Tex. 69, 264 S.W. 2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup. 1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957). * *"

After a careful examination of the entire record, appellants' points of error and contentions are overruled.

Judgment affirmed.