John B. MEADOWS; Henry Edward Meadows, Jr.; Thomas Oliver Meadows; and RR Meadows QTIP Trust, John B. Meadows, Trustee, Appellants.

v.

MIDLAND SUPER BLOCK JOINT VENTURE, Appellee.

No. 11–06–00283–CV.

Court of Appeals of Texas, Eastland.

May 1, 2008.

John Buford Meadows, Law Offices of John B. Meadows, Austin, James A. Vaught, McCullar & Vaught, P.C., Austin, for appellant.

Michael T. Morgan, Bullock, Scott, Neisig, Morgan, Leeton & Strauss, P.C., Midland, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

Midland Super Block Joint Venture filed an action seeking a declaratory judgment that it had renewed its lease agreement with appellants on three lots in Midland. Appellants claimed that Midland Super Block had failed to timely exercise the option to renew. Both parties filed motions for summary judgment. The trial court granted Midland Super Block's motion and denied appellants' motion. We reverse and render judgment for appellants in part, holding that Midland Super Block failed to timely exercise the option to renew the lease, and remand the case to the trial court for further proceedings.

### Background Facts

Appellants are John B. Meadows; Henry Edward Meadows, Jr.; Thomas Oliver Meadows; and RR Meadows QTIP Trust, John B. Meadows, Trustee. Appellants are the successors to the original lessor that leased the three lots to Midland Super Block. The original lessor was NCNB

Texas National Bank, Trustee of the John B. Thomas Trust.

The lease was for a term of one month, commencing September 1, 1991, and ending September 30, 1991. Paragraph two of the lease provided Midland Super Block an option to renew for an additional one month term (and to continually renew for successive one-month terms):

> This option shall be exercised only by Lessee's delivery to Lessor in person or by United States Mail on or before the first (1st) day of each month, commencing September 1, 1991, notice of renewal if lessee intends to exercise his option and renew the Lease for an additional one (1) month term, and deliver such notice on the first (1st) day of each succeeding month if Lessor continues to exercise this option. This notice may be in the form of Lessee's check in payment for the rent for the renewal period.

The lease provided for a rent of $1,000 per month, but had no escalation clause or limit on the number of renewal periods.

In support of its position that it timely exercised the option to renew, Midland Super Block filed an affidavit of its employee, Flynt Chancellor, that he placed Midland Super Block's check in the United States Mail depository at 203 W. Wall Street in Midland on the afternoon of September 30, 2005. The envelope was postmarked October 3, 2005, and John Meadows's affidavit reflects that he received the check on October 5, 2005. John Meadows returned the rent payment to Midland Super Block.

Appellants filed a motion for summary judgment on the ground that Midland Super Block failed to exercise its option to renew on or before the first day of October 2005 as required by the terms of the lease. Appellants argued that the above-cited provision required delivery to lessor of a notice of renewal "on or before the first (1st) day of each month" and that Midland Super Block failed to deliver its notice of renewal on or before October 1, 2005. Appellants also argued that Midland Super Block had breached the lease because Midland Super Block had failed to send its notice by registered mail as required by section 11 of the lease agreement. Appellants requested attorney's fees in the amount of $4,480 and attached an attorney's affidavit in support of fees.

Midland Super Block then filed its motion for summary judgment and partial response to appellants' motion for summary judgment. Midland Super Block first asserted that, since September 1991, rentals had been paid to the lessor by depositing the rentals in the United States Mail and that "[n]either the Lessor nor [appellants] have objected to rentals being paid by ordinary United States Mail, rather than registered mail, return receipt requested." Midland Super Block then relied on the "mailbox rule," asserting that their payment was effective when their letter containing the payment was deposited in the mail. Midland Super Block argued that appellants' breach-of-contract claim regarding "the failure of the check to be sent registered mail, return receipt requested, also fails" because appellants had waived the requirement in section 11 of the lease and were estopped to assert that requirement. Midland Super Block also requested attorney's fees. Midland Super Block subsequently supplemented its motion for summary judgment and partial response to appellants' motion for summary judgment.

The trial court granted Midland Super Block's motion for summary judgment including its request for attorney's fees of $5,000. Appellants present two issues on appeal: whether the trial court erred in granting Midland Super Block's motion for summary judgment and whether the trial

court erred in denying appellants' motion for summary judgment.

### Standard of Review

The standards of review for traditional summary judgment proceedings are well established and well defined. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979). Where a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001). When competing motions for summary judgment are filed and one is granted and the other denied, the reviewing court must review the summary judgment evidence presented by both sides and determine all questions presented. *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003).

### Analysis

 Midland Super Block first argues that its summary judgment must be affirmed because appellants failed to attack all of the grounds alleged in its motion for summary judgment. Specifically, Midland Super Block asserts that appellants did not address their waiver and estoppel ground. Appellants acknowledge that they did not assign error to the waiver and estoppel ground, but point out that the waiver and estoppel ground was in response to appel-

lants' contention in its motion for summary judgment that Midland Super Block had breached the lease by not sending the notice by registered mail as required by section 11 of the lease. Appellants are correct.

Midland Super Block's initial motion for summary judgment and partial response to appellants' motion for summary judgment contained only the following statement:

> The Plan B of the Defendants, the failure of the check to be sent registered mail, return receipt requested, also fails. Surely 14 years of mailing payment by regular United States Mail bars any claim by reason of both estoppel and waiver.

Midland Super Block's supplement to its motion for summary judgment and partial response to appellants' motion for summary judgment likewise was limited to a contention that appellants had waived, and were estopped to assert, the requirement of registered mail in section 11. As Midland Super Block concludes in its supplement, "The Defendants are therefore barred by waiver and estoppel from any complaint *about the way* in which notice or payment of rentals was delivered." (emphasis added). Appellants have waived the section 11 requirement; Midland Super Block could send the notice (a rent check) by regular mail without breaching the lease agreement. However, the key question is whether Midland Super Block timely exercised its option. We hold that it did not.

 The goal in construing the terms of a lease is to determine the intent of the parties as revealed by the language used in the lease. *Ferrari v. Bauerle*, 519 S.W.2d 144, 146 (Tex.Civ.App.-Austin 1975, writ ref'd n.r.e.). When the language is clear and unambiguous, the construction of a lease is a question of law for the court. *Brown v. RepublicBank First Nat'l Mid-*

*land,* 766 S.W.2d 203, 204 (Tex.1988). Exercise of an option, unless excused in rare cases of equity, must be unqualified, unambiguous, and strictly in accordance with the terms of the agreement. *Zeidman v. Davis,* 161 Tex. 496, 342 S.W.2d 555, 558 (1961). Midland Super Block did not seek equity in its petition, only a declaration that it had timely exercised its option to renew.[1]

The language of section 2 of the lease agreement is unambiguous: Midland Super Block had to exercise the option by making certain that its check was delivered to appellants on or before the first day of the next month:

> [B]y Lessee's *delivery to Lessor* in person or by United States Mail *on or before the first (1st) day of each month . . . notice of renewal* if lessee intends to exercise his option and renew the Lease for an additional one (1) month term, *and deliver such notice on the first (1st) day of each succeeding month* if [Lessee] continues to exercise this option. This notice may be in the form of Lessee's check in payment for the rent for the renewal period. (emphasis added)

In view of this language, the mailbox rule does not apply. Delivery of the check to appellants had to be on or before the first day of each succeeding month.

Section 3 of the lease also supports the conclusion that payment of the rent for the renewal one-month period (which also constituted notice of renewal) had to be delivered to appellants on or before the first of the next month:

> Lessee covenants and agrees to pay to Lessor as rent for the premises above described for the one (1) month term of this lease the cash sum of One Thousand and No/100 Dollars ($1,000.00), *due and payable in advance of the term of this lease or any renewal thereof, on or before the first (1st) day of each and every month of the renewal terms,* if any, throughout the term of this lease. (emphasis added)

The plain language of the lease required that the renewal notice (the rent check) be delivered to appellants on or before the first day of the next month. Compare *Pruett Jewelers, Inc. v. J. Weingarten, Inc.,* 426 S.W.2d 902, 906 (Tex.Civ.App.-Tyler 1968, writ ref'd n.r.e.), where the notice clause did "not require the notice to be delivered to [the landlord] . . . but only that the tenant give the landlord written notice of its election so to extend by United States Registered Mail."

None of the cases cited by Midland Super Block required that the notice be delivered to the lessor. The lease in *Brown v. Swift–Eckrich, Inc.,* 787 S.W.2d 599, 600 (Tex.App.-El Paso 1990, writ denied), required only that "each option must be exercised at least six months prior to the expiration of the previous term by written notice to Lessor." There was no requirement in *Swift–Eckrich* that the notice be delivered to the lessor by a certain date, only that the notice be in writing and sent by certified mail.

The same was true in *Pruett Jewelers* where the tenant only had to give the landlord "written notice of its election so to extend the term by United States Registered Mail, postage prepaid, at least six (6) months before the expiration of the original term." 426 S.W.2d at 903. In *Pruett Jewelers,* the tenant had vacated the premises and attempted to have the court declare that it had not validly exercised its option to renew the term of the lease for

---

1. Although we need not address the issue, we note that a determination of the equities would include consideration that appellants have been locked into a lease where the value of the $1,000 monthly rental has been severely eroded by inflation.

an additional five years. The tenant argued that it had failed to exercise its option within the time and in the manner prescribed by the lease because the lessor, J. Weingarten, had not received Pruett Jewelers's notice until a date that was less than six months prior to the expiration of the original lease. Article III of the lease provided in part:

[P]rovided Tenant gives Landlord written notice of its election so to extend the term by United States Registered Mail, postage prepaid, at least six (6) months before the expiration of the original term.

*Id.* The court in *Pruett Jewelers* pointed out that this language did not require the notice to be delivered to the lessor six months before the expiration of the primary term:

Article III of the lease does not require the notice to be delivered to Weingarten six months before the expiration of the primary term of the lease, but only that the tenant give the landlord written notice of its election so to extend by United States Registered Mail.

*Id.* at 906. In the case before us, Midland Super Block was required to make certain that the notice was delivered to appellants on or before the first day of October 2005.

The remaining two Texas cases cited by Midland Super Block also do not support its position that the mailbox rule applies in this case. Both cases involved giving the lessor notice; there was not a requirement of delivery to the lessor on or before a certain date. The lease in *Kamenoff v. Meadows*, 457 S.W.2d 574, 575 (Tex.Civ. App.-Waco 1970, no writ), provided the lessee with two consecutive five year options to release the premises upon the giving to lessor "thirty days written notice prior to the expiration of the primary term." Likewise, the relevant portion of the contract in *Southern Disposal, Inc. v.*

*City of Blossom,* 165 S.W.3d 887 (Tex. App.-Texarkana 2005, no pet.), stated that the contract would be automatically extended:

[U]nless either party *notifies* the other party in writing, *not less than sixty (60) days* and not more than ninety (90) days *prior to the expiration of the initial five (5) year term* or of any successive five (5) year term of its intentions to terminate this contract. Any *such written notice shall be serviced [sic] by certified or registered mail,* return receipt requested.

The contract did not require that the notice had to be delivered by a certain date.

The court's reasoning in *Southern Disposal* is supportive of appellants' position because the court paid careful attention to the contract language:

While the contract fails to state clearly when notice will be considered to have been given, it certainly makes neither a requirement that the notice be received by SDI, nor any mention of receipt at all, just that the City "notify" SDI by the deadline. In fact, the contract language suggests an intent that the notice be effective when properly mailed.... Without contrary contract definition or language, this formulation suggests notice is given when properly mailed.

*Southern Disposal,* 165 S.W.3d at 896. The court in *Southern Disposal* then correctly cited *Swift–Eckrich* for its statement that "it is generally held that, when a contract requires only that one party 'notify' the other, and the matter is not defined in the contract, notice occurs at the time a notice is mailed." *Id.*

The contract language in Midland Super Block's lease required it to deliver the notice to renew to appellants on or before the first of the next month. Midland Super Block failed to deliver the rent check

(the notice) to appellants on or before the first day of October 2005. The lease terminated. Appellants' first issue is sustained. Appellants' second issue is sustained in part: because Midland Super Block failed to deliver the notice (the rent check) to appellants on or before the first day of October 2005, and the lease terminated on September 30, 2005, the trial court erred in denying appellants' motion for summary judgment as to the termination of the lease.

### This Court's Ruling

The judgment of the trial court is reversed; judgment is rendered for appellants that the lease terminated on September 30, 2005; and the case is remanded for further proceedings in accordance with this opinion.