Opinion filed May 1, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 1, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00283-CV 

                                                     __________

 

       JOHN B. MEADOWS;
HENRY EDWARD MEADOWS, JR.; THOMAS

        OLIVER MEADOWS;
AND RR MEADOWS QTIP TRUST, JOHN B.

                                   MEADOWS,
TRUSTEE, Appellants

                                                             V.

                  MIDLAND
SUPER BLOCK JOINT VENTURE, Appellee

 



 

                                 On
Appeal from the 385th Judicial District Court

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CV45300

 



 

                                                                   O
P I N I O N

 

Midland
Super Block Joint Venture filed an action seeking a declaratory judgment that
it had renewed its lease agreement with appellants on three lots in Midland. 
Appellants claimed that Midland Super Block had failed to timely exercise the
option to renew.  Both parties filed motions for summary judgment.  The trial
court granted Midland Super Block=s
motion and denied appellants=
motion.  We reverse and render judgment for appellants in part, holding that
Midland Super Block failed to timely exercise the option to renew the lease,
and remand the case to the trial court for further proceedings.

Background
Facts








Appellants
are John B. Meadows; Henry Edward Meadows, Jr.; Thomas Oliver Meadows; and RR
Meadows QTIP Trust, John B. Meadows, Trustee.  Appellants are the successors to
the original lessor that leased the three lots to Midland Super Block.  The
original lessor was NCNB Texas National Bank, Trustee of the John B. Thomas
Trust.

The
lease was for a term of one month, commencing September 1, 1991, and ending
September 30, 1991.  Paragraph two of the lease provided Midland Super Block an
option to renew for an additional one month term (and to continually renew for
successive one-month terms):

This option shall be
exercised only by Lessee=s
delivery to Lessor in person or by United States Mail on or before the first
(1st) day of each month, commencing September 1, 1991, notice of renewal if
lessee intends to exercise his option and renew the Lease for an additional one
(1) month term, and deliver such notice on the first (1st) day of each
succeeding month if Lessor continues to exercise this option.  This notice may
be in the form of Lessee=s
check in payment for the rent for the renewal period.

 

The lease
provided for a rent of $1,000 per month, but had no escalation clause or limit
on the number of renewal periods. 

In
support of its position that it timely exercised the option to renew, Midland
Super Block filed an affidavit of its employee, Flynt Chancellor, that he
placed Midland Super Block=s
check in the United States Mail depository at 203 W. Wall Street in Midland on
the afternoon of September 30, 2005.  The envelope was postmarked October
3, 2005, and John Meadows=s
affidavit reflects that he received the check on October 5, 2005.  John Meadows
returned the rent payment to Midland Super Block.

Appellants
filed a motion for summary judgment on the ground that Midland Super Block
failed to exercise its option to renew on or before the first day of October
2005 as required by the terms of the lease.  Appellants argued that the
above-cited provision required delivery to lessor of  a notice of renewal Aon or before the first
(1st) day of each month@
and that Midland Super Block failed to deliver its notice of renewal on or
before October 1, 2005.  Appellants also argued that Midland Super Block had
breached the lease because Midland Super Block had failed to send its notice by
registered mail as required by section 11 of the lease agreement.  Appellants
requested attorney=s
fees in the amount of $4,480 and attached an attorney=s affidavit in support of fees.








 Midland
Super Block then filed its motion for summary judgment and partial response to
appellants= motion for
summary judgment.  Midland Super Block first asserted that, since September
1991, rentals had been paid to the lessor by depositing the rentals in the
United States Mail and that A[n]either
the Lessor nor [appellants] have objected to rentals being paid by ordinary
United States Mail, rather than registered mail, return receipt requested.@  Midland Super Block then
relied on the Amailbox
rule,@ asserting that
their payment was effective when their letter containing the payment was
deposited in the mail.   Midland Super Block argued that appellants= breach-of-contract claim
regarding Athe failure
of the check to be sent registered mail, return receipt requested, also fails@ because appellants had
waived the requirement in section 11 of the lease and were estopped to assert
that requirement.  Midland Super Block also requested attorney=s fees.  Midland Super
Block subsequently supplemented its motion for summary judgment and partial
response to appellants=
motion for summary judgment.

The
trial court granted Midland Super Block=s
motion for summary judgment including its  request for attorney=s fees of $5,000. 
Appellants present two issues on appeal: whether the trial court erred in
granting Midland Super Block=s
motion for summary judgment and whether the trial court erred in denying
appellants= motion for
summary judgment.

Standard
of Review

The
standards of review for traditional summary judgment proceedings are well
established and well defined.  Am. Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671
(Tex. 1979).  Where a trial court=s
order granting summary judgment does not specify the ground or grounds relied
on for its ruling, summary judgment will be affirmed on appeal if any of the
summary judgment grounds advanced by the movant are meritorious.  Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).  When competing motions for
summary judgment are filed and one is granted and the other denied, the
reviewing court must review the summary judgment evidence presented by both
sides and determine all questions presented.  Comm=rs Court of Titus County v.
Agan, 940 S.W.2d 77, 81 (Tex. 1997).  We review the trial court=s summary judgment de
novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005); Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex. 2003).

Analysis








Midland
Super Block first argues that its summary judgment must be affirmed because
appellants failed to attack all of the grounds alleged in its motion for
summary judgment.  Specifically, Midland Super Block asserts that appellants
did not address their waiver and estoppel ground.  Appellants acknowledge that
they did not assign error to the waiver and estoppel ground, but point out that
the waiver and estoppel ground was in response to appellants= contention in its motion
for summary judgment that Midland Super Block had breached the lease by not
sending the notice by registered mail as required by section 11 of the lease. 
Appellants are correct.

Midland
Super Block=s initial
motion for summary judgment and partial response to appellants= motion for summary
judgment contained only the following statement:

The
Plan B of the Defendants, the failure of the check to be sent registered mail,
return receipt requested, also fails.  Surely 14 years of mailing payment by
regular United States Mail bars any claim by reason of both estoppel and
waiver.

 

Midland
Super Block=s
supplement to its motion for summary judgment and partial response to
appellants= motion for
summary judgment likewise was limited to a contention that appellants had
waived, and were estopped to assert, the requirement of registered mail in
section 11.  As Midland Super Block concludes in its supplement, AThe Defendants are
therefore barred by waiver and estoppel from any complaint about the way
in which notice or payment of rentals was delivered.@ (emphasis added).  Appellants have waived the
section 11 requirement; Midland Super Block could send the notice (a rent
check) by regular mail without breaching the lease agreement.  However, the key
question is whether Midland Super Block timely exercised its option.  We hold
that it did not.

The
goal in construing the terms of a lease is to determine the intent of the
parties as revealed by the language used in the lease.  Ferrari v. Bauerle,
519 S.W.2d 144, 146 (Tex. Civ. App.C
Austin 1975, writ ref=d
n.r.e.).  When the language is clear and unambiguous, the construction of a
lease is a question of law for the court.  Brown v. RepublicBank First Nat=l Midland, 766 S.W.2d
203, 204 (Tex. 1988).  Exercise of an option, unless excused in rare cases of
equity, must be unqualified, unambiguous, and strictly in accordance with the
terms of the agreement.   Zeidman v. Davis, 342 S.W.2d 555, 558 (Tex.
1961).  Midland Super Block did not seek equity in its petition, only a
declaration that it had timely exercised its option to renew.[1]

The
language of section 2 of the lease agreement is unambiguous:  Midland Super
Block had to exercise the option by making certain that its check was delivered
to appellants on or before the first day of the next month:








[B]y Lessee=s delivery to Lessor
in person or by United States Mail on or before the first (1st) day of each
month . . . notice of renewal if lessee intends to exercise his
option and renew the Lease for an additional one (1) month term, and deliver
such notice on the first (1st) day of each succeeding month if [Lessee]
continues to exercise this option.  This notice may be in the form of Lessee=s check in payment for the
rent for the renewal period.  (emphasis added)

 

In view of this
language, the mailbox rule does not apply.  Delivery of the check to appellants
had to be on or before the first day of each succeeding month.

Section
3 of the lease also supports the conclusion that payment of the rent for the
renewal one-month period (which also constituted notice of renewal) had to be
delivered to appellants on or before the first of the next month:

Lessee covenants and
agrees to pay to Lessor as rent for the premises above described for the one
(1) month term of this lease the cash sum of One Thousand and No/100 Dollars
($1,000.00), due and payable in advance of the term of this lease or any
renewal thereof, on or before the first (1st) day of each and every month of
the renewal terms, if any, throughout the term of this lease.  (emphasis
added)

 

The plain
language of the lease required that the renewal notice (the rent check) be
delivered to appellants on or before the first day of the next month.  Compare Pruett
Jewelers, Inc. v. J. Weingarten, Inc., 426 S.W.2d 902, 906 (Tex. Civ.
App.CTyler 1968, writ
ref=d n.r.e.), where
the notice clause did Anot
require the notice to be delivered to [the landlord] . . . but only that the
tenant give the landlord written notice of its election so to extend by United
States Registered Mail.@

None
of the cases cited by Midland Super Block required that the notice be delivered
to the lessor.  The lease in Brown v. Swift-Eckrich, Inc., 787 S.W.2d
599, 600 (Tex. App.CEl
Paso 1990, writ denied), required only that Aeach
option must be exercised at least six months prior to the expiration of the
previous term by written notice to Lessor.@ 
There was no requirement in Swift-Eckrich that the notice be delivered
to the lessor by a certain date, only that the notice be in writing and sent by
certified mail.

The
same was true in Pruett Jewelers where the tenant only had to give the
landlord Awritten
notice of its election so to extend the term by United States Registered Mail,
postage prepaid, at least six (6) months before the expiration of the original
term.@  426 S.W.2d at
903.  In Pruett Jewelers, the tenant had vacated the premises and
attempted to have the court declare that it had not validly exercised its
option to renew the term of the lease for an additional five years.  The tenant
argued that it had failed to exercise its option within the time and in the
manner prescribed by the lease because 








the lessor, J.
Weingarten, had not received Pruett Jewelers=s
notice until a date that was less than six months prior to the expiration of
the original lease.  Article III of the lease provided in part:

[P]rovided Tenant
gives Landlord written notice of its election so to extend the term by United
States Registered Mail, postage prepaid, at least six (6) months before the
expiration of the original term.

 

Id.  The
court in Pruett Jewelers pointed out that this language did not require
the notice to be delivered to the lessor six months before the expiration of
the primary term:

Article
III of the lease does not require the notice to be delivered to Weingarten six
months before the expiration of the primary term of the lease, but only that
the tenant give the landlord written notice of its election so to extend by
United States Registered Mail.

 

Id. at
906.  In the case before us, Midland Super Block was required to make certain
that the notice was delivered to appellants on or before the first day of
October 2005.

The
remaining two Texas cases cited by Midland Super Block also do not support its
position that the mailbox rule applies in this case.  Both cases involved
giving the lessor notice; there was not a requirement of delivery to the lessor
on or before a certain date.  The lease in Kamenoff v. Meadows, 457
S.W.2d 574, 575 (Tex. Civ. App.CWaco
1970, no writ), provided the lessee with two consecutive five year options to
release the premises upon the giving to lessor Athirty
days written notice prior to the expiration of the primary term.@  Likewise, the relevant
portion of the contract in Southern Disposal, Inc. v. City of Blossom,
165 S.W.3d 887 (Tex. App.CTexarkana
2005, no pet.), stated that the contract would be automatically extended:

[U]nless either
party notifies the other party in writing, not less than sixty (60)
days and not more than ninety (90) days prior to the expiration of the
initial five (5) year term or of any successive five (5) year term of its
intentions to terminate this contract.  Any such written notice shall be
serviced [sic] by certified or registered mail, return receipt requested.

 

The contract did
not require that the notice had to be delivered by a certain date.

The
court=s reasoning in Southern
Disposal is supportive of appellants=
position because the court paid careful attention to the contract language:

While the contract
fails to state clearly when notice will be considered to have been given, it
certainly makes neither a requirement that the notice be received by SDI, nor
any mention of receipt at all, just that the City Anotify@
SDI by the deadline.  In fact, the contract language suggests an intent that
the notice be effective when properly mailed. . . . Without contrary contract
definition or language, this formulation suggests notice is given when properly
mailed.








 

Southern
Disposal, 165 S.W.3d at 896.  The court in Southern Disposal then
correctly cited Swift-Eckrich for its statement that Ait is generally held that,
when a contract requires only that one party >notify= the other, and the matter
is not defined in the contract, notice occurs at the time a notice is mailed.@  Id.

The
contract language in Midland Super Block=s
lease required it to deliver the notice to renew to appellants on or before the
first of the next month.  Midland Super Block failed to deliver the rent check
(the notice) to appellants on or before the first day of October 2005.  The
lease terminated.  Appellants=
first issue is sustained.  Appellants=
second issue is sustained in part: because Midland Super Block failed to
deliver the notice (the rent check) to appellants on or before the first day of
October 2005, and the lease terminated on September 30, 2005, the trial court
erred in denying appellants=
motion for summary judgment as to the termination of the lease.

This
Court=s Ruling

The
judgment of the trial court is reversed; judgment is rendered for appellants
that the lease terminated on September 30, 2005; and the case is remanded for further
proceedings in accordance with this opinion.

 

TERRY McCALL

JUSTICE

 

May 1, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Although we need not address the issue, we note that a
determination of the equities would include consideration that appellants have
been locked into a lease where the value of the $1,000 monthly rental has been
severely eroded by inflation.